IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.   : | CASE NO.: 7:23-CR-80 (WLS-TQL-1) |
| : | |
| JUSTIN LAMAR JACKSON, : | |
| : | |
| Defendant.   : | |
| : | |

### ORDER

Before the Court is Defendant Justin Lamar Jackson's ("Defendant") Motion to Dismiss Indictment on Second Amendment Grounds ("the Motion to Dismiss") (Doc. 40). Therein, Defendant moves under Fed. R. Crim. P. 12(b) to dismiss the Indictment (Doc. 1) against him contending that it violates his Second Amendment right to bear arms. For the reasons discussed herein, the Motion to Dismiss (Doc. 40) is **DENIED**.

### I. PROCEDURAL HISTORY

On December 13, 2023, the Government filed a one-count Indictment (Doc. 1) charging Defendant with one count of Possession of Firearms by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Defendant had his Initial Appearance and Arraignment on February 1, 2024. The trial in the case is set for the February 2025 trial term.

On September 25, 2024, Defendant filed the instant Motion to Dismiss (Doc. 40).[1] The Government filed a Response on October 16, 2024. The reply period has passed with no reply from Defendant. *See* M.D. Ga. L.R. 7.3. The Motion to Dismiss is thus fully briefed and ripe for ruling.

### II. PROCEDURAL STANDARD

Federal Rule of Criminal Procedure 12(b) allows a Defendant to move to dismiss an indictment "where there is an infirmity of law in the prosecution[.]" *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citing *United States v. Korn*, 557 F.2d 1089, 1090–91 (5th Cir. 1977)); *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978)). A

---

[1] There is also a Motion to Suppress (Doc. 37) pending in the case which is set for hearing and will be addressed in a separate order.

1

district court must dismiss an indictment "if it concludes that the factual allegations in the indictment, when viewed in the light most favorable to the government," are insufficient to state an offense as a matter of law. *See United States v. deVegter*, 198 F.3d 1324, 1326 (11th Cir. 1987) (citing *Torkington*, 812 F.2d at 1354).

### III. THE INDICTMENT AND RELEVANT STATUTE

Count One of the one-count Indictment alleges:

> On or about September 2, 2022, in the Valdosta Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the defendant **JUSTIN LAMAR JACKSON**, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess two firearms, that is, one, SCCY, CPX-1 serial number 677357 and one SCCY, CPX-1 serial number C102107, said firearms having been shipped and transported in interstate and foreign commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

Section 922(g) provides in relevant part:

> It shall be unlawful for any person . . . (1) who had been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g).

### IV. LAW AND ANALYSIS

Defendant challenges the constitutionality of 18 U.S.C. § 922(g)(1). (Doc. 41 at 18).[2] Defendant's argument goes something like this: the recent Supreme Court decision in *United States v. Rahimi*, 602 U.S ---, 144 S. Ct. 1889 (June 21, 2024), abrogated any previous Eleventh Circuit case law recognizing the constitutionality of § 922(g)(1), and the Court should therefore conduct a fresh analysis of § 922(g)(1) under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). (Doc. 40 at 3–5). Defendant contends that such an analysis would show that § 922(g)(1) is not consistent with the Nation's historical tradition of firearm regulation.

---

[2] It is somewhat unclear from Defendant's motion whether he brings a facial or an as-applied challenge. It makes no difference, however, when his argument in either event is foreclosed by binding Eleventh Circuit precedent, as the Court will explain below.

2

(Doc. 40 at 5–18). A review of the relevant authority, however, reveals that *Rahimi* has little impact on Eleventh Circuit jurisprudence with respect to § 922(g)(1).

### A.    A Recent History of Challenges to § 922(g)(1)

To provide context, Defendant's challenge to § 922(g)(1) is by no means the first attempt to ask courts in this Circuit to revisit restrictions on felons possessing firearms in light of recent Supreme Court developments. *District of Columbia v. Heller*, 554 U.S. 570 (2008), prompted the first of these recent challenges. *See United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010). In *Heller*, the Supreme "Court held that 'the Second Amendment conferred an individual right to keep and bear arms.'" *Id.* (quoting *Heller*, 554 U.S. at 595). Soon after *Heller*, a defendant-felon challenged § 922(g)(1) arguing that the statute violated his individual right to bear arms. *See Rozier*, 598 F.3d at 770. The Eleventh Circuit rejected Rozier's challenge, relying on the Supreme Court's statement in *Heller* that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id.* (quoting *Heller*, 554 U.S. at 627). In other words, *Rozier* held that bans on felons possessing firearms survived *Heller* and that § 922(g)(1) remained constitutional. *See id.*

*Bruen* prompted another challenge to § 922(g)(1). *See United States v. Dubois*, 94 F.4th 1284, 1291–93 (11th Cir. 2024). In *Bruen*, the Supreme Court announced a refined, some would argue new, two-step test for determining whether a regulation violates the Second Amendment—rejecting the test used in most Circuits as inconsistent with *Heller* and *McDonald v. City of Chicago*, 561 U.S. 742 (2010) (plurality opinion). *See Bruen*, 597 U.S. at 17–24. Under the *Bruen* test, a court first asks whether the "Second Amendment's plain text covers an individual's conduct." *Id.* at 24. If so, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citation omitted).

In *Dubois*, a defendant-felon once again challenged § 922(g)(1) arguing that *Bruen* had abrogated *Rozier* and that the Eleventh Circuit should revisit the issue of § 922(g)(1)'s constitutionality. *See Dubois*, 94 F.4th at 1291–93. The Eleventh Circuit disagreed, holding that that *Bruen* did not abrogate *Rozier* because *Heller* made clear "that [its] holding did not cast doubt" on felon-in-possession prohibitions. *McDonald*, 561 U.S. at 786 (plurality opinion). In

3

other words, *Dubois* held that bans on felons possessing firearms survived *Bruen* and that § 922(g)(1) remained constitutional.

### B.   *Rahimi's* Impact

Now, Defendant, an alleged felon, brings yet another challenge to the constitutionality of § 922(g)(1) singing a familiar tune. Specifically, that a recent Supreme Court Case (*Rahimi*), requires courts in the Eleventh Circuit to abandon prior Circuit precedent (*Rozier* and *Dubois*) and conduct a fresh *Bruen* analysis, which will reveal that § 922(g)(1) violates the Second Amendment. (*See generally* Doc. 40). In *Rahimi*, the Supreme Court heard a challenge to § 922(g)(8)—which prohibits the possession of firearms by persons subject to a domestic violence restraining order. *Rahimi*, 144 S. Ct. at 1895–96. The *Rahimi* Court, found that § 922(g)(8) passed Second Amendment muster because "[o]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Id.* at 1902. Defendant suggests that *Rahimi* abrogated *Rozier* and *Dubois* because it undermined the statement regarding felons possessing firearm laws in *Heller* that formed the basis of those decisions. *See Rozier*, 598 F.3d at 771 ("Nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." (quoting *Heller*, 554 U.S. at 626–27)).

Chiefly, Defendant submits that in *Rahimi*, the Supreme Court "clearly held the references to the 'law-abiding' were dicta[.]" (Doc. 40 at 5). From the Court's review of *Rahimi*, this is *far* from clear. It is true that Justice Thomas's dissent, in a footnote, expresses the opinion that the reference to laws banning felons from possessing firearms in *Heller* is dicta and references to law-abiding citizens in *Bruen*, in context, do not necessarily exclude felons. *Rahimi*, 144 S. Ct. at 1944 n.7, (Thomas, J., dissenting). But a footnote in a dissent is a far-cry from a "clear holding." In fact, the majority treated the statement regarding laws banning felons from possessing firearms favorably, relying upon it to reject an argument by Rahimi that the individual right to possess firearms in the home announced by *Heller* renders § 922(g)(8) unconstitutional. The Court is, as such, unpersuaded that *Rahimi* undermined, to

4

any extent, the Supreme Court's position that bans on felons possessing firearms survive *Heller* and *Bruen*, let alone to the extent that the decision would abrogate *Rozier* and *Dubois*.³

Indeed, the Government correctly points to a number of decisions, albeit unpublished, in which Eleventh Circuit panels rejected similar arguments that *Rahimi* abrogated *Rozier* and *Dubois*. *See United States v. Hester*, No. 23-11938, 2024 WL 4100901, at *1 (11th Cir. Sept. 6, 2024) ("Our binding precedents also foreclose Hester's argument that [S]ection 922(g)(1) violates the Second Amendment . . . . [T]he recent decision in *United States v. Rahimi*, does not change our analysis."); *United States v. Sheely*, No. 22-13500, 2024 WL 4003394, at *3 (11th Cir. Aug. 30, 2024) ("[W]e originally held in *Rozier* that § 922(g)(1) does not violate the Second Amendment and confirmed in *Dubois* that *Bruen*, issued in the interim, did not abrogate *Rozier*. Nor is *Rahimi* clearly on point, as the Supreme Court in that case addressed a different section of § 922(g) . . . ." (citation omitted)); *United States v. Whitaker*, No. 24-10693, 2024 WL 3812277, at *2–3 (11th Cir. Aug. 14, 2024) (same); *United States v. Lowe*, No. 22-13251, 2024 WL 3649527, at *2 (11th Cir. Aug. 5, 2024) ("The Supreme Court's subsequent decision in *United States v. Rahimi* did not abrogate our prior precedent, either."); *United States v. Rambo*, No. 23-13772, 2024 WL 3534730, at *2 (11th Cir. July 25, 2024); *United States v. Young*, No. 23-10464, at *8 (11th Cir. July 19, 2024) (same). And even after the cases relied on by the Government, the Eleventh Circuit has issued additional decisions rejecting arguments that *Rahimi* abrogated *Rozier* and *Dubois*. *See United States v. Volz*, No. 22-13436, 2024 WL 4432995, at *2 (11th Cir. Oct. 7, 2024) ("[T]he Supreme Court's recent decision in [*Rahimi*] does not undermine our analyses in *Rozier*, *Dubois*, or *Dunlap*."); *United States v. Perez-Quibus*, No. 23-10465, 2024 WL 4524712, at *1 (11th Cir. Oct. 18, 2024) ("*Rahimi* did not 'demolish' or 'eviscerate' the 'fundamental props' of *Rozier* or *Dubois*."). Although such authority does not bind the Court, the fact that eight Eleventh Circuit panels have found that *Rozier* and *Dubois* survive *Rahimi* is nearly overwhelming persuasive authority suggesting that *Rozier* and *Dubois* remain good law.

---

³ Defendant also suggests that when the Supreme Court vacated and remanded *Vincent v. Garland*, 80 F.4th 1197, 1201 (10th Cir. 2023), for further reconsideration in light of *Rahimi* it signaled that circuit precedent regarding § 922(g)(1) might be vulnerable in the wake of *Rahimi*. It is unclear why the Supreme Court vacated that decision because the Opinion provides no reasoning. *See Vincent v. Garland*, 144 S. Ct. 2708, 2708–09 (2024). The Court declines to ignore Eleventh Circuit authority on such ambiguous signals from the Supreme Court.

Accordingly, after analyzing the Supreme Court's decision in *Rahimi*, the Court finds that *Rahimi* does not abrogate *Rozier* and *Dubois* and those cases therefore control.

### C.   Defendant's Argument

In support of his constitutional challenge, Defendant conducts a creative historical analysis which, according to him, shows that bans on felons possessing firearms are not consistent with America's history and tradition of firearm regulations. (Doc. 40 at 5–18). The Court, however, need not reach the substance of this analysis, because its conclusion is foreclosed by Circuit precedent, namely, by *Rozier* and *Dubois*. The Second Amendment individual right to possess firearms extends "only to 'law-abiding, responsible citizens.'" *Dubois*, 94 F.4th at 1293 (quoting *Bruen*, 597 U.S. at 26). This class of people "clearly exclud[es] felons[.]" *Dubois*, 94 F.4th at 1293 (quoting *Rozier*, 598 F.3d at 770–71). Defendant, as alleged, is a felon. (Doc. 1). Thus, he does not enjoy the Second Amendment individual right to possess a firearm explained in *Heller* and *Bruen*. Accordingly, the Court finds that the Indictment (Doc. 1) does not violate the Second Amendment. Defendant's Motion to Dismiss Indictment (Doc. 40) is, as a result, **DENIED**.

**SO ORDERED**, this 14th day of November 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**