# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CR-80 (WLS-TQL) |
| | : | |
| JUSTIN LAMAR JACKSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court are Defendant's Motion in Limine to Exclude All References to Prior Charges & Convictions (Doc. 59) ("Defendant's First Motion in Limine"), the Government's Motion in Limine (Doc. 70), and Defendant's Motion in Limine to Preclude the Government's Testimony Concerning Statements Obtained in Violation of Miranda (Doc. 73) ("Defendant's Second Motion in Limine"). As relayed from the bench, each Motion (Doc. 59, 70, & 73) is **DENIED**, without prejudice.

**I.    STANDARD OF REVIEW**

The true purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins.*, No. 2:07-cv-16, 2011 WL 470561, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). But the context at trial often determines the admissibility of evidence and, for this reason, "i[n] limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Ohler v. United States*, 529 U.S. 753, 757 n.3 (2000). Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information." *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013). A motion in limine ruling has no impact on counsel's duty to make proper and contemporaneous objections at trial as to any evidence or argument they consider inadmissible or improper. *See Cephus v. CSX Transp., Inc.*, 771 F. App'x 883, 894–95 (11th Cir. 2019). As such, the Court disfavors motions in limine.

## II.  LAW AND ANALYSIS

### A.  Defendant's Motion in Limine

Defendant moves the Court to exclude all references to his prior criminal history "including the nature of the charges of his previous felony conviction and the charges that were brought against him, stemming from an armed robbery that occurred on July 23, 2018[.]" (Doc. 59 at 1). The Court finds that it would be unwise to make any ruling as to the admissibility of Defendant's criminal history where the admissibility of such evidence will depend on the circumstances under which it is offered and the purpose for which it is offered—neither of which are apparent from the briefing and arguments before the Court. The Court therefore does not find that Defendant's prior criminal conduct is "clearly inadmissible on all potential grounds." *See QBE Ins.*, 2011 WL 470561, at *2 (quoting *Luce*, 469 U.S. at 41).

Accordingly, Defendant's Motion in Limine (Doc. 59) is **DENIED**, without prejudice. If the Government seeks to introduce any information related to Defendant's prior criminal charges or conduct it shall lay the proper foundation that such evidence is relevant and admissible. That foundation shall be presented upon proper notice to opposing counsel and the Court, and outside of the hearing of the jury. If, at that time, the Court deems Defendant's prior criminal conduct admissible for certain purposes, it will give an appropriate limiting instruction or instructions to the jury when the evidence is introduced, and in the final charge.

### B.  The Government's Motion in Limine

The Government moves to exclude Defendant's exculpatory statements made around the time of his arrest as inadmissible hearsay. (Doc. 70 at 2–4). Defendant submits that he does not seek to offer this testimony for the truth of the matter asserted. (Doc. 72 at 2). Instead, Defendant contends that the exculpatory statements may be used to impeach Officer Phillip Beeson when he testifies as to Defendant's inculpatory statements. (*Id.* at 2–3). However, whether certain statements made by Defendant may be properly used for impeachment purposes will become apparent only in the context of witness testimony. Thus, it is unclear whether the exculpatory statements in question are "clearly inadmissible on all potential grounds." *See QBE Ins.*, 2011 WL 470561, at *2 (quoting *Luce*, 469 U.S. at 41). Accordingly, the Government's Motion in Limine (Doc. 70) is **DENIED**, without prejudice.

Even so, Defendant is prohibited from inquiring into any hearsay statements which do not fall under the Fed. R. Evid. 804(b)(3) exception unless Defendant gives proper notice to the Government, and the Court, and lays the proper foundation that the evidence is relevant and admissible.

### C. Defendant's Second Motion in Limine

Defendant also moves to exclude statements which Defendant contends were elicited in violation of *Miranda v. Arizona*. 384 U.S. 436 (1966). (Doc. 73 at 1). Essentially, this is a motion to suppress filed *well* after such motions should be filed. The Government contends that it does not intend to offer Defendant's statements as substantive evidence, but may wish to offer the evidence as impeachment—depending on whether such evidence is needed for impeachment purposes. Again, whether the statements might be appropriate for impeachment will depend on the testimony of witnesses, which the Court has not heard at this stage. As such, the Court is, once again, uncertain whether Defendant's statements are "clearly inadmissible on all potential grounds" at this stage. *See QBE Ins.*, 2011 WL 470561, at *2 (quoting *Luce*, 469 U.S. at 41). Accordingly, Defendant's Second Motion in Limine (Doc. 73) is **DENIED**, without prejudice. If the Government seeks to introduce any information related to Defendant's statements it shall lay the proper foundation that such evidence is relevant and admissible. That foundation shall be presented upon proper notice to opposing counsel and the Court, and outside of the hearing of the jury. If, at that time, the Court deems Defendant's prior criminal conduct admissible for certain purposes, it will give an appropriate limiting instruction or instructions to the jury when the evidence is introduced, and in the final charge.

### III. CONCLUSION

For the foregoing reasons, the Parties' Motions (Docs. 59, 70, & 73) are **DENIED**, without prejudice. In any event, nothing in this Order should be construed as absolving either Party from making contemporaneous objections to evidence at trial.

**SO ORDERED**, this 4th day of February 2025.

/s/ W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**