## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CR-80 (WLS-ALS-1) |
| | : | |
| JUSTIN LAMAR JACKSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant Jackson's Motion for the Issuance of Subpoena (Doc. 91). Therein, Defendant moves the Court under Fed. R. Crim. P. 17(c) for an order directing the issuance of subpoenas for a witness to appear at his sentencing and produce two documents.

Indigent defendants, like Defendant, must obtain an order from the Court for the issuance of subpoenas where "the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). The movant "bears the burden of articulating specific facts that show that a requested witness's testimony is relevant and necessary." *United States v. Shaller*, 401 F. App'x 419, 421 (11th Cir. 2010) (citing *United States v. Rimchack*, 820 F.2d 1557, 1556 (11th Cir. 1987)). To make such a determination the Court may "weigh numerous factors, including materiality, relevancy, and competency, in deciding whether to grant the request for a subpoena." *United States v. Robinson*, 445 F. App'x 238, 244 (11th Cir. 2011) (citing *United States v. Johnson*, 495 F.2d 1097, 1102 (5th Cir. 1974)). Having reviewed Jackson's request, the Court finds that Defendant has met his burden to articulate specific facts that show that the requested testimony is relevant and necessary.

Accordingly, the Motion (Doc. 91) is **GRANTED**. The Court **ORDERS** that subpoenas be issued for the witnesses described in the Motion. Additionally, the Court **ORDERS** that the costs and witness fees be paid in the same manner as those paid for witnesses the Government subpoenas, under Fed. R. Crim. P. 17(b).

**SO ORDERED**, this 8th day of May 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**